UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THOMAS H. L. BARFELL,

          Plaintiff,

      v.                                        Case No. 24-C-724

AMP,
a/k/a Advanced Military Packaging,

          Defendant.

---

## SCREENING ORDER

---

On June 10, 2024, Plaintiff Thomas H. L. Barfell, who is currently representing himself, filed this action against Defendant AMP, also known as Advanced Military Packaging. Plaintiff has also filed a motion for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. An indigent plaintiff may commence a federal court action, without paying the required costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has filed an affidavit of indigence and, upon review of that affidavit, it appears Plaintiff could not afford the fee. Thus, Plaintiff's motion for leave to proceed without prepayment of the filing fee is granted.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is *pro se*, serves the important function of protecting putative defendants from the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* When

exercising this discretion, however, a judge "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Id.*

In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused. Moreover, the complaint must state at least plausible claims for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. The Supreme Court has held that, for most cases, a plaintiff must offer something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, before the doors to expensive and time-consuming discovery will be opened.

Plaintiff alleges that, on May 28, 2024, he began his employment with AMP, in Oshkosh, Wisconsin. Compl. at 4, Dkt. No. 1. Plaintiff secured the employment through IQ Resources, an employment agency. *Id.* He claims that his first day went well and that he received praise for his performance. *Id.* On May 29, 2024, Plaintiff informed his boss that he had to be in court on May 31, 2024. *Id.* at 5. His boss asked Plaintiff to remind him about his court appearance on the day of, and Plaintiff finished working that day with no issues. *Id.* IQ Resources later informed Plaintiff that AMP was letting him go. *Id.* Plaintiff alleges he was doing a "great job" and that he had not

2

done anything wrong, so he assumes he was terminated as a result of his criminal charges. Plaintiff seeks damages for wrongful termination. *Id.*

As an initial matter, Plaintiff asserts that Defendant violated 42 U.S.C. § 1983. Section 1983 imposes civil liability on any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Defendant, a private corporation, is not a state actor subject to liability under § 1983.

In addition, Plaintiff has failed to state a claim of employment discrimination against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* "To establish that an employer discriminated in contravention of Title VII, a plaintiff must show that membership in a protected class caused the discharge or other adverse employment action." *See Nigro v. Ind. Univ. Health Care Assocs., Inc.*, 40 F.4th 488, 491 (7th Cir. 2022) (cleaned up). Title VII protects against workplace discrimination on the basis of one's race, color, gender, sex, religion, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Even assuming Defendant terminated Plaintiff as a result of his pending criminal charges, having pending criminal charges is not a protected class under Title VII.

To the extent Plaintiff seeks to pursue a claim for wrongful discharge or under the Wisconsin Fair Employment Act, those are state law claims arising under Wisconsin law. Plaintiff has failed to state a claim arising under federal law, and there is no showing of diversity of citizenship under 28 U.S.C. § 1332. Although relief in federal court is foreclosed to Plaintiff, he may pursue any state law claims in state court.

In sum, Plaintiff has failed to state a claim upon which relief can be granted. While a court must generally allow the plaintiff the opportunity to file an amended complaint, it is unnecessary in cases such as this one where the amendment would be futile. *See Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile.").

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**. This action is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 14th day of June, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge